## JAMES E. WEIRICK v. THORNTON BROTHERS COMPANY.[1]

October 15, 1926.

No. 25,492.

**Questions of fact for jury and under evidence they might render verdict for plaintiff.**

Under the evidence, whether defendant was negligent, whether its negligence caused the physical injury of which plaintiff complains, and whether plaintiff was guilty of contributory negligence, were questions of fact for the jury, and a verdict in plaintiff's favor might properly be returned.

Motor Vehicles 28 Cyc. p. 47 n. 20; p. 49 n. 46, 47.

---

See notes in 14 A. L. R. 454; 22 A. L. R. 1100; 5 R. C. L. 737; 1 R. C. L. Supp. 1504; 4 R. C. L. Supp. 350; 5 R. C. L. Supp. 303.

Action in the district court for Ramsey county to recover for personal injuries and damage to car. The case was tried before Bechhoefer, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*John P. Kyle,* for appellant.

*Thomson & Williams,* for respondent.

LEES, C.

While driving his Ford sedan easterly on West Seventh street in the city of St. Paul, respondent collided with the dipper of a steam shovel operated by appellant in digging a sewer trench on the north side of the street. Charging appellant with negligence, respondent brought this action to recover the damages to his car and for personal injuries. This appeal was taken from an order denying a motion for judgment or a new trial after the jury returned a verdict for respondent.

[1]Reported in 210 N. W. 399.

The evidence showed conclusively that respondent's car was slightly damaged, and it is clear that he was entitled to a verdict in a small amount if the appellant was negligent and respondent was free from contributory negligence. For this, if for no other reason the motion for judgment notwithstanding the verdict was properly denied.

Appellant's principal contention is that the evidence fell short of showing that respondent was physically injured and that respondent's testimony as to this feature of the case is so unreasonable and improbable as to be unworthy of belief. Respondent's claim is that his left shoulder was struck by one of the teeth of the dipper as it was swung without warning against the side of his car when he was passing the steam shovel. Appellant claims that the size of the dipper, the position of the teeth and the nature of the injury to the car demonstrate that this was impossible. On the whole, we think a question of fact was presented which the jury might determine in respondent's favor. Although he did not say anything to appellant's employes about an injury to his person and complained only of the injury to his car, he went to the office of a physician immediately after the accident and an examination disclosed a cut through the left shoulder of respondent's overcoat, blood on his shirt, and a wound on his shoulder. The precise manner of inflicting the injury is not made clear by the evidence. Respondent testified that the dipper broke the windows and came into the car. Literally the latter statement could not be true, but we think it clear that respondent meant that some part of the dipper struck the side of the car and his shoulder.

Several of appellant's witnesses testified that respondent drove his car against the dipper as it was being swung to the east. This testimony conflicts sharply with that of respondent. If true, it established contributory negligence, but evidently the jury did not believe it.

It is urged that, instead of driving on the north side of the street, respondent should have kept to the south and away from the steam shovel. A sewer pipe and truck occupied a portion of the street opposite the shovel. Respondent seems to have acted in the belief

that these obstructions made it necessary to take the course he selected. Granting that two ways were open for travel and that it would have been safer to have chosen the southerly one, it cannot be said that respondent was negligent as a matter of law.

The charge was clear and comprehensive. The verdict has received the approval of the trial court. There was no error in the denial of appellant's motion and the order is affirmed.